**GRAINNE CALLAN (SBN 318962)**
GRAINNE CALLAN, ESQ.
1030 E. El Camino Real #374
Sunnyvale, CA 94087
408-982-6224
Email: grainne.callan@callanlawoffice.com

**HUNTER PYLE (SBN 191125)**
**KATIE FIESTER (SBN 301316)**
HUNTER PYLE LAW, PC
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile:  (510) 444-4410
Emails: hunter@hunterpylelaw.com; kfiester@hunterpylelaw.com

Attorneys for Plaintiff Hanieh Iravanian and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANIEH IRAVANIAN, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,<br><br>        Defendant. | **Case No.:**<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT**<br><br>1.  **Failure to Furnish Adequate Wage Statements (Labor Code § 226; Wage Order No. 4);**<br>2.  **Failure to Pay Overtime (Labor Code §§ 510 and 1194; Wage Order No. 4);**<br>3.  **Failure to Pay Minimum Wages (Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197, 1198; Wage Order No. 4);**<br>4.  **Breach of Contract;**<br>5.  **Failure to Provide All Wages Due Upon Termination (Labor Code §§ 201-203);**<br>6.  **Failure to Provide Meal Periods (Labor Code §§ 226.7, 512; Wage Order No. 4);**<br>7.  **Failure to Authorize and Permit Rest Breaks (Labor Code § 226.7; Wage Order No. 4);**<br>8.  **Failure to Reimburse Business Expenses (Labor Code § 2802); and**<br>9.  **Violation of California's Unfair Business Practices Act (Business and Professions Code §§ 17200, *et seq*.)**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff HANIEH IRAVANIAN ("Plaintiff") complains of Defendant TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., ("Defendant") and alleges as follows:

## I.    INTRODUCTION

1.    This is a class action under Federal Rule of Civil Procedure 23, brought by Plaintiff.

2.    Plaintiff's class claims were tolled as of November 8, 2022, the date that Plaintiff filed her complaint alleging Private Attorneys General Act ("PAGA") violations against Defendant or related entities. In the alternative, her class claims relate back to that date. The time period commencing four years prior to the November 8, 2022, is referred to herein as the "Class Period."

3.    Plaintiff seeks to represent a class comprised of all individuals who signed Independent Contractor Agreements with Defendant and worked for Defendant in California at any time during the Class Period ("Class Members").

4.    Plaintiff also seeks to represent a subclass comprised of all individuals who signed Independent Contractor Agreements with Defendant and worked for Defendant in California performing work not related to translation, court reporting, or voice acting at any time during the Class Period ("Subclass Members").

5.    This is an action for relief from Defendant's unlawful misclassification of Class and Subclass Members as "independent contractors."

6.    Defendant has engaged Plaintiff and Class and Subclass Members to provide various services for Defendant's customers.

7.    Plaintiff and Class and Subclass Members do not meet the requirements of California's ABC Test so as to be lawfully classified as independent contractors rather than employees.

8.    First, Plaintiff and Class and Subclass Members are not free from the control and direction of Defendant under their contracts or in fact.

9.    Second, Plaintiff and Class and Subclass Members perform work that is in the usual course of Defendant's business, i.e. translation services.

10.    Third, Plaintiff and Class and Subclass Members are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

11.     Furthermore, Defendant cannot prove each of the elements for any of the exceptions to California's ABC Test.

12.     Alternatively, Plaintiff and Class Members were not properly classified as independent contractors based on the factors described in *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations* (1989) 48 Cal. 3d 341.

13.     Defendant's misclassification policy has been in effect during the Class Period.

14.     Plaintiff therefore challenges Defendant's policy of willfully and unlawfully misclassifying Class and Subclass Members as "independent contractors" in violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* (the "UCL"), the California Labor Code (the "Labor Code"), the Industrial Welfare Commission's Wage Order No. 4 ("Wage Order No. 4"), and the General Minimum Wage Order ("Minimum Wage Order").

15.     Plaintiff brings class claims under California law for penalties for failure to furnish adequate wage statements, unpaid overtime and double time wages, unpaid minimum wages and liquidated damages, unpaid wages at the proper contract rate of pay, penalties for failure to provide all wages due upon termination, premium pay for missed meal periods, premium pay for missed and unpaid rest periods, unreimbursed business expenses, restitution, interest, penalties, and attorneys' fees and costs (the "Damages").

## II.     VENUE AND JURISDICTION

16.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA") because there are more than 100 putative class members, the amount in controversy exceeds $5 million, and Defendant is a New York corporation. *See* 28 U.S.C. § 1332(d)(2).

17.     Venue is proper in this judicial district. Defendant conducts business and has committed Labor Code violations within California and Santa Clara County. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated members of the proposed class within the State of California and within Santa Clara County.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

III.     PARTIES

2

**A.  PLAINTIFF**

3

18.     Plaintiff was at all times relevant hereto a competent adult residing in the State of

4

California.

5

19.     Plaintiff worked for Defendant in Santa Clara County pursuant to an independent

6

Contractor Agreement during the Class Period.

7

20.     Defendant misclassified Plaintiff as an independent contractor and, as a result,

8

Plaintiff suffered each of the Damages alleged herein.

9

21.     On or around March 30, 2021, Defendant hired Plaintiff with an April 5, 2021, start

10

date. Defendant initially hired Plaintiff as a Project Coordinator based in Defendant's Bay Area

11

office at a rate of $30 per hour. Prior to her first day, Defendant switched Plaintiff's position from

12

Project Coordinator to Project Moderator, with an increase in pay to $40 per hour. Plaintiff signed an

13

Independent Contractor Agreement with Defendant.

14

22.     Illustratively, to the best of her recollection, Plaintiff recalls the following: Prior to

15

April 5, 2021, Defendant required Plaintiff to perform work for which she was not compensated.

16

Plaintiff performed work for Defendant each day from August 1, 2021, to August 6, 2021.

17

Defendant did not provide Plaintiff with a wage statement for the work she performed during this

18

time. Plaintiff worked in excess of 8 hours on August 2, 2021, August 3, 2021, August 4, 2021,

19

August 4, 2021, and August 5, 2021, and was not paid daily overtime. Plaintiff also worked

20

approximately 70.01 hours during this time, and was not paid weekly overtime. Thus, Plaintiff was

21

also not paid properly at her contract rate of pay for all the hours she worked from August 1, 2021 to

22

August 6, 2021. Plaintiff was also not provided meal periods during this time or authorized or

23

permitted to take rest breaks. Plaintiff also used her personal belongings, including her personal cell

24

phone and personal laptop, for business-related use, but was not reimbursed for these expenses. To

25

date, Plaintiff has not received all overtime wages and meal or rest break premiums owed to her at

26

the time of termination.

27

28

**B. DEFENDANT**

23.    Defendant is a New York Corporation. Defendant does business in California and in Santa Clara County.

24.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant owned and operated a translation and global communication company in California.

25.    Defendant is subject to the Labor Code and other California law including, but not limited to, Cal. Bus. & Prof. Code §§ 17200, *et seq*., and Wage Order No. 4.

26.    At all times relevant herein, Defendant was the employer, joint employer, and/or special employer of Plaintiff and Class and Subclass Members within the meaning of the Labor Code and Wage Order No. 4.

27.    As an employer of Plaintiff and the Class and Subclass Members throughout the Class Period, Defendant is liable for the economic damages, including statutory penalties, owed to Plaintiff and Class and Subclass Members under common law and by statute.

## IV.    CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of herself and all other similarly situated individuals as a class action pursuant to Federal Rule of Civil Procedure 23.

29.    Plaintiff is informed and believes, and on that basis, alleges Defendant knowingly and intentionally misclassified Plaintiff and Class and Subclass Members as independent contractors to avoid other requirements of employers under the California Labor Code and Wage Order No 4.

30.    At all times mentioned herein, the common policies and practices of Defendant were a direct cause of Defendant's failure to comply with California's wage and hours laws, as set forth more fully within.

31.    Defendant had a consistent policy and/or practice of willfully failing to provide to Plaintiff and Class and Subclass Members adequate itemized employee wage statements.

32.    Defendant had a consistent policy and/or practice of requiring Plaintiff and Class and Subclass Members to work overtime and double time and failing to properly compensate them for the overtime and double time hours they worked.

33.    Defendant failed to pay Plaintiff and Class and Subclass Members the minimum wage for all hours they worked.

34.    Defendant had a consistent policy and/or practice of not properly paying Plaintiff and Class and Subclass Members for all of the hours they worked.

35.    Defendant required Plaintiff and Class and Subclass Members to perform off-the-clock work for which they were not compensated.

36.    Defendant failed to pay Plaintiff and Class and Subclass Members the proper contracted rate for all hours worked.

37.    Plaintiff and Class and Subclass Members regularly reported to work and Defendant would change their schedules without proper compensation.

38.    Defendant had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and Class and Subclass Members who left Defendant's employ or who were terminated.

39.    Defendant has not provided Plaintiff and Class and Subclass Members with meal periods as required by California law. Defendant has not paid Plaintiff and Class and Subclass Members one hour of pay at each their regular rate of pay for each day Defendant did not provide a meal period in accordance with California law.

40.    Defendant has not authorized or permitted Plaintiff and Class and Subclass Members to take rest breaks as required by California law. Defendant did not pay Plaintiff and Class and Subclass Members one hour of pay at each their regular rate of pay for each day Defendant did not provide a rest break in accordance with California law.

41.    Defendant had a consistent policy and/or practice requiring Plaintiff and Class and Subclass Members to use their own equipment, including personal cell phones, laptops, and internet services, among others, to discharge their duties to Defendant.  Defendant failed to properly reimburse Plaintiff and Class and Subclass Members for business expenses.

42.    Defendant is and was aware that Plaintiff and Class and Subclass Members were neither paid all minimum, overtime and double time wages owed, nor paid all wages at the proper

1  contract rate of pay, nor provided meal and rest periods. Defendant's denial of wages and other

2  compensation due to Plaintiff and Class and Subclass Members was therefore willful and deliberate.

3       43.    Defendant, by failing to lawfully pay Plaintiff and Class and Subclass Members all

4  wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the

5  meaning of the California Business and Professions Code §§ 17200, *et seq.*

6       44.    Plaintiff therefore seeks to represent a Class composed of and defined as follows:

7            All individuals who signed Independent Contractor Agreements with Defendant and worked

8            for Defendant in California at any time during the Class Period ("Class Members").

9       45.    Plaintiff also seeks to represent the following Subclass composed of and defined as

10  follows:

11           All individuals who signed Independent Contractor Agreements with Defendant and worked

12           for Defendant in California performing work not related to translation, court reporting, or

13           voice acting at any time during the Class Period ("Subclass Members").

14      46.    Plaintiff reserves the right under Federal Rules of Civil Procedure 15 and 23 to amend

15  or modify the Class and Subclass definitions set forth above with greater specificity or further

16  division into subclasses or limitation to particular issues.

17      47.    This action has been brought and may properly be maintained as a class action under

18  the provisions of Federal Rule of Civil Procedure 23.

19      48.    Ascertainability and Numerosity: The potential members of the Class and Subclasses

20  as defined are so numerous that joinder of all their members is impracticable. While the precise

21  number of Class Members and Subclass Members have not been determined at this time, Plaintiff is

22  informed and believes that Defendant contracted with over five hundred (500) Class Members

23  during the Class Period, and over seventy-five (75) Subclass Members. Upon information and belief,

24  Defendant's records will provide information as to the number and location of all Class and Subclass

25  Members. Joinder of all members of the proposed Class and Subclass is not practicable.

26      49.    Commonality: There are questions of law and fact common to Plaintiff and Class and

27  Subclass Members that predominate over any questions affecting only individual Class or Subclass

28  Members. These common questions of law and fact include, without limitation:

i.    Whether Class and Subclass Members have been misclassified as independent contractors as opposed to employees;

ii.    Whether Defendant failed to provide adequate wage statements to Class and Subclass Members;

iii.    Whether Defendant failed to pay Class and Subclass Members all earned minimum, overtime, and double time wages for all hours worked;

iv.    Whether Defendant failed to properly pay Class and Subclass Members their proper contracted rate of pay;

v.    Whether Defendant failed to timely pay all waged owed to Class and Subclass Members all wages at the time of termination;

vi.    Whether Defendant failed to provide Class and Subclass Members compliant meal periods;

vii.    Whether Defendant failed to authorize, permit, and/or provide compliant rest periods to Class and Subclass Members;

viii.    Whether Defendant failed to reimburse Class and Subclass Members for necessary business expenses they incurred; and

ix.    Other questions of law and fact

50.    Typicality: Plaintiff's claims are typical of the claims of the proposed Class and Subclass that she seeks to represent.  Plaintiff and all members of the proposed Class and Subclass sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

51.    Plaintiff was subjected to the same uniform policies and/or practices complained of herein that affected all Class and Subclass Members. Thus, because Plaintiff was subjected to the same unlawful policies and practices as all Class and Subclass Members, her claims are typical of the Class and Subclass she seeks to represent for the claims alleged herein.

52.    Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and Subclass. Plaintiff is ready and willing to take the time

1    necessary to help litigate this case. Plaintiff has no conflicts that will prevent her from fairly and

2    adequately representing and protecting the interests of the members of the Class and Subclass.

3        53.    Counsel who represent Plaintiff are competent and experienced in litigating large

4    employment class actions. Grainne Callan is a California attorney in good standing and experienced

5    in litigating wage and hour claims such as this. Furthermore, Grainne Callan has the resources to

6    litigate this case thoroughly and to take this case to trial and judgment if necessary. Hunter Pyle and

7    Katie Fiester of Hunter Pyle Law PC are California lawyers in good standing and experienced in

8    litigating wage and hour class actions such as this. Mr. Pyle and Katie Fiester have been appointed

9    class counsel in numerous California wage and hour class actions such as this. Furthermore, Hunter

10   Pyle Law PC has the resources to litigate this case thoroughly and to take this case to trial and

11   judgment if necessary.

12       54.    <u>Superiority of Class Action</u>: A class action is superior to other available means for the

13   fair and efficient adjudication of this controversy. Individual joinder of all Class and Subclass

14   Members is not practicable, and questions of law and fact common to the Class and Subclass

15   predominate over any questions affecting only individual members. Each member of the Class and

16   Subclass has been damaged and is entitled to recovery by reason of Defendant's illegal policies

17   and/or practices described herein. Class action treatment will allow those similarly situated persons

18   to litigate their claims in the manner that is most efficient and economical for the parties and the

19   judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the

20   management of this action that would preclude its maintenance as a class action. Because such

21   common questions predominate over any individualized issues and/or questions affecting only

22   individual members, class resolution is superior to other methods for fair and efficient adjudication.

23                              **V.    CAUSES OF ACTION**

24                              **<u>FIRST CAUSE OF ACTION</u>**
                              **Failure to Furnish Adequate Wage Statements**
25                              **[Cal. Labor Code § 226; Wage Order No. 4]**

26       55.    The allegations of each of the preceding paragraphs are realleged and incorporated

27   herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the

28   above-described Class and Subclass.

56. Defendant willfully failed to provide Plaintiff and Class and Subclass Members with timely and adequate wage statements as required by Labor Code § 226(a).

57. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to furnish an adequate itemized wage statement, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.00.

58. Plaintiff and Class and Subclass Members suffered injuries as a result of Defendant's knowing and intentional violation of Labor Code § 226(a), thereby entitling Plaintiff to recover on behalf of Class and Subclass Members, the greater of all actual damages or $50 for the initial pay period in which the violation occurred and $100 for each violation in the subsequent pay period up to $4,000, plus an award of costs and reasonable, attorneys' fees, pursuant to Labor Code § 226(e).

59. As a direct and proximate result of Defendant's conduct, Plaintiff and Class and Subclass Members have suffered damages according to proof.

60. WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime**
**[Labor Code §§ 510 and 1194; Wage Order No. 4]**

61. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

62. It is unlawful under California law for an employer to require, suffer, or permit an employee to work in excess of eight hours per workday or 40 hours per workweek or seven consecutive days of work during a workweek without paying overtime and double time wages under Labor Code § 510 and Wage Order No. 4.

63. Pursuant to Cal. Lab. Code § 510, "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek ... shall be compensated at the rate of no less than one-and-one half times the regular rate of pay for the employee. Any work in

1  excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate

2  of pay for an employee ..."

3       64.    Pursuant to Wage Order No. 4 § 3, "Employment beyond eight (8) hours in any

4  workday or more than six (6) days in any workweek is permissible provided the employee is

5  compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's

6  regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in

7  any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work

8  in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of

9  12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th)

10 consecutive day of work in a workweek. Throughout the Class Period, Defendant has required,

11 suffered, or permitted Plaintiff and Class and Subclass Members to routinely work in excess of eight

12 hours per day and 40 hours per week.

13      65.    Defendant failed to pay Plaintiff and Class and Subclass Members overtime and

14 double time compensation as required by law.

15      66.    Labor Code § 1194(a) provides that an employee who has not been paid overtime and

16 double time wages may recover the unpaid balance of the full amount of such wages, interest

17 thereon, attorneys' fees and the costs of suit.

18      67.    By failing to pay overtime and double time compensation to Plaintiff and Class and

19 Subclass Members, Defendant has violated Labor Code § 510 and Wage Order No. 4 § 3.

20      68.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class and

21 Subclass Members have suffered damages according to proof.

22      69.    WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests

23 relief as hereinafter provided.

24 //

25 //

26 //

27 //

28 //

## THIRD CAUSE OF ACTION
### Failure to Minimum Wage for All Hours Worked
**[Cal. Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197, 1198; Wage Order No. 4; Minimum Wage Order]**

70.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

71.     Throughout the Class Period, Labor Code §§ 1182.11-1182.13, 1194, 1194.2, 1197, 1198, Wage Order No. 4, and the Minimum Wage Order were in full force and effect and required Defendant to pay non-exempt employees at least the applicable minimum wage for all hours worked.

72.     Throughout the Class Period, as a result of the policies and practices set forth herein, Defendant failed to pay Plaintiff and Class and Subclass Members, and continually fail to pay them, minimum wages as required by law for all of their hours worked.

73.     Labor Code § 1194(a) provides that an employee who has not been paid minimum wages as required by Labor Code § 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

74.     Labor Code § 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the minimum wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

75.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class and Subclass Members have suffered damages according to proof.

76.     WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Breach of Contract

77.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

78.     Defendant entered into contracts with Plaintiff and Class and Subclass Members whereby Defendant agreed to pay Plaintiff and Class and Subclass Members an hourly wage of a specified amount for work Plaintiff and Class and Subclass Members performed for Defendant.

79.     Defendant failed to pay Plaintiff and Class and Subclass Members for all hours worked at the appropriate contracted rate.

80.     Defendant failed to pay Plaintiff and Class and Subclass Members overtime and double time at the appropriate contract rate.

81.     Defendant breached the contract by failing to pay Plaintiff and Class and Subclass Members their contract hourly wage for work Plaintiff and Class and Subclass Members performed for Defendant.

82.     Plaintiff and Class and Subclass Members substantially performed their roles and responsibilities under the contract to perform work for Defendant.

83.     Defendant's failure to fulfill its contractual obligations to Plaintiff and Class and Subclass Members prevented them from receiving the benefits that they were entitled to have received under the contract.

84.     Plaintiff and Class and Subclass Members were harmed.

85.     Defendant's actions were a substantial factor in Plaintiff's and Class and Subclass Members' harm. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff and Class and Subclass Members suffered and continues to suffer damages in amount according to proof.

86.     WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Waiting Time Penalties
### [Labor Code §§ 201 through 203]

87.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

88.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to said employee immediately upon discharge. Labor Code § 202

1    requires an employer to promptly pay compensation due and owing to said employee within seventy-

2    two hours of that employee's termination of employment by resignation. Labor Code § 203 provides

3    that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as

4    required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of

5    continued compensation for up to 30 days.

6         89.    Plaintiff's last day of employment was approximately August 20, 2021. At the time of

7    filing this complaint, Plaintiff has yet to receive all wages earned.

8         90.    Many Class and Subclass Members are no longer employed by Defendant. They were

9    either fired or quit Defendant's employ. Defendant did not timely pay all wages owed at the time of

10   their termination.

11        91.    Defendant willfully failed and refused, and continues to fail and refuse, to timely pay

12   compensation and wages as set forth above-including but not limited to Defendant's failure to

13   properly pay Plaintiff and Class and Subclass Members wages for all hours worked when due,

14   overtime and double time wages, minimum wages, and additional wages for non-compliant meal

15   periods and rest breaks, to Plaintiff and Class and Subclass Members who are no longer employed

16   by Defendant as required by Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and

17   Class and Subclass Members whose are no longer employed by Defendant for waiting time

18   penalties.

19        92.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class and

20   Subclass Members have suffered damages according to proof.

21        93.    WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests

22   relief as hereinafter provided.

23   **SIXTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
24   **[Labor Code §§ 226.7, 512]**

25        94.    The allegations of each of the preceding paragraphs are realleged and incorporated

26   herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the

27   above-described Class and Subclass.

28

95.     At all times during their employment with Defendant, Plaintiff and Class and Subclass Members were hourly paid non-exempt employees under California law.

96.     Throughout the Class Period, California Labor Code §§ 226.7 and 512, and Wage Order No. 4 required Defendant to provide employees who worked in excess of five (5) hours a day without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, and a second thirty (30) minute meal period to employees who worked in excess of ten (10) hours a day, and to pay one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

97.     Plaintiff and Class and Subclass Members have regularly worked in excess of five (5) hours a day and ten (10) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code §§ 226.7 and 512, and Wage Order No. 4.

98.     Because Defendant failed to provide meal periods, Defendant is liable to Plaintiff and other Class and Subclass Members for one (1) hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7(b) and Wage Order No. 4.

99.     By violating Labor Code §§ 226.7 and 512 and Wage Order No. 4, § 11, Defendant is also liable for interest under California Civil Code § 3287, and attorneys' fees pursuant to Labor Code § 218.5.

100.     As a direct and proximate result of Defendant's conduct, Plaintiff and Class and Subclass Members have suffered damages according to proof.

101.     WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Failure to Authorize and Permit Rest Breaks**
**[Labor Code § 226.7]**

102.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

103.    At all times during their employment with Defendant, Plaintiff and Class and Subclass Members were hourly paid non-exempt employees under California law.

104.    Plaintiff and other Class and Subclass Members have regularly worked in excess of three and one-half (3½) hours a day without being permitted to take at least a ten (10) minute rest period for every four (4) hours worked, or major fraction thereof, as required by Wage Order No. 4, and Labor Code § 226.7.

105.    Because Defendant failed to permit proper rest periods, Defendant is liable to Plaintiff and other Class and Subclass Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized, pursuant to Labor Code § 226.7(b) and Wage Order No. 4.

106.    By violating Labor Code § 226.7 and Wage Order No. 4, § 12, Defendant is also liable for interest under California Civil Code § 3287, and attorneys' fees pursuant to Labor Code § 218.5.

107.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class and Subclass Members have suffered damages according to proof.

108.    WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**[Labor Code § 2802]**

109.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described Class and Subclass.

110.    At all times during their employment with Defendant, Plaintiff and Class and Subclass Members were hourly paid non-exempt employees under California law.

111.    Labor Code § 2802 (a) provides: An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even

1  though unlawful, unless the employee, at the time of obeying the directions, believed them to be

2  unlawful.

3       112.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement

4  of necessary expenditures under this section shall carry interest at the same rate as judgments in civil

5  actions. Interest shall accrue from the date on which the employee incurred the necessary

6  expenditure or loss."

7       113.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary

8  expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's

9  fees incurred by the employee enforcing the rights granted by this section."

10      114.    Defendant did not reimburse Plaintiff and Class and Subclass Members for necessary

11  expenditures, including but not limited to the cost of personal cell phone use, personal laptop use,

12  home internet use, home printer use, and other expenses.

13      115.    As a direct and proximate result of Defendant's willful failure to reimburse Plaintiff

14  and Class and Subclass Members, they have been injured in an amount to be proven at trial.

15      116.    Plaintiff is entitled to recover reimbursement for these necessary expenditures, on

16  behalf of Class and Subclass Members and to recover costs, interest, and attorneys' fees, as

17  permitted under California law.

18      117.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class and

19  Subclass Members have suffered damages according to proof.

20      118.    WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests

21  relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**Unfair, Unlawful, or Fraudulent Business Practices**
**[Cal. Business & Professions Code § 17200, *et seq*.]**

24      119.    The allegations of each of the preceding paragraphs are realleged and incorporated

25  herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the

26  above-described Class and Subclass.

27      120.    Defendant is a "person" as defined by California Business & Professions Code §

28  17201, as it is a corporation.

121.    California Business and Professions Code § 17200, *et seq.*, (the "UCL") prohibits unfair competition, including but not limited to any unlawful, unfair, or fraudulent business practices.

122.    Labor Code § 90.5(a) provides that it is the public policy of the state of California to vigorously enforce labor standards in order to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those (such as Defendant) who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

123.    Pursuant to Business and Professions Code § 17203, this Court may order Defendant to pay the full amounts wrongfully withheld.

124.    Plaintiff's success in this action on behalf of Class and Subclass Members will enforce important rights affecting the public interest and therefore Plaintiff sues both individually and on behalf of the public.

125.    Defendant's policies and practices, as set forth above, violated the UCL. Defendant's practices described in this Complaint are unlawful. Defendant's practices are also unfair, in that they are unethical, unscrupulous, and substantially injurious to consumers such as Plaintiff and Class and Subclass Members and members of the general public to the extent that the harm caused outweighs any extant utility.

126.    Plaintiff and Class and Subclass Members are entitled to equitable restitution of monies due and owing as a result of Defendant's unlawful and unfair conduct (including interest thereon), and to injunctive relief, as well as all other equitable relief required to remedy Defendant's unlawful and unfair conduct.

127.    The unlawful and unfair business practices engaged in by Defendant presents a continuing threat to the public, in that consumers throughout California have suffered and continue to suffer harm, including unpaid wages due. Defendant has been unjustly enriched as a result of its conduct. Plaintiff and Class and Subclass Members and members of the general public have no other adequate legal remedy in the absence of equitable relief from the Court. Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest if their conduct is

not halted; thereby engendering a multiplicity of judicial proceedings. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff's enforcement of important rights on behalf of Class and Subclass Members affecting the public interest through this action entitles Plaintiff to an award of attorneys' fees, and, in the interest of justice, such fees should not be paid out of Plaintiff's recovery.

128.    Plaintiff requests that this Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the practices described above and prohibiting Defendant from violating the California Labor Code and Wage Orders now and in the future.

129.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class and Subclass Members have suffered damages according to proof.

130.    WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as hereinafter provided.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, requests relief as follows:

a.  That the Court determine that this action may be maintained as a class action;

b.  For compensatory damages, in an amount according to proof at trial, with interest thereon;

c.  For economic and/or special damages in an amount according to proof with interest thereon;

d.  For unpaid minimum wages, in an amount according to proof at trial, with interest thereon;

e.  For unpaid overtime and double time wages, in an amount according to proof at trial, with interest thereon;

f.  For unpaid wages at the contract rate of pay, in an amount according to proof at trial, with interest thereon;

g.  For compensation for all time worked;

h.  For compensation for not being provided paid rest breaks;

i.  For compensation for not being provided meal periods;

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

j.   For business expense reimbursements incurred;

k.   That Defendant be found to have engaged in unfair competition in violation of §§ 17200, *et seq.* of the California Business and Professions Code;

l.   That Defendant be ordered and enjoined to make restitution to the Class and Subclass due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code §§ 17203 and 17204;

m.  That an order of specific performance of all penalties owed be issued under Business and Professions Code §§ 17202;

n.   For liquidated damages under the Labor Code;

o.   For statutory penalties under Labor Code § 203;

p.   For statutory penalties under Labor Code § 226;

q.   That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

r.   That Defendant further be enjoined to cease and desist from unfair competition in violation of §§ 17200, *et seq.* of the California Business and Professions Code;

s.   That Defendant be enjoined from further acts of restraint of trade or unfair competition;

t.   For attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226(e), 1194, 2802, and/or other applicable law;

u.   For interest accrued to date;

v.   For costs of suit and expenses incurred herein; and

w.  For any such other and further relief as the Court deems just and proper.

DATED: May 5, 2025                    GRAINNE CALLAN, ESQ.

                                      By:  /s/ Grainne M. Callan
                                           Grainne M. Callan

DATED: May 5, 2025                    HUNTER PYLE LAW, PC

                                      By:  /s/ Hunter Pyle
                                           Hunter Pyle

                                      Attorneys for Plaintiff Hanieh Iravanian
                                      and the Putative Class

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff, HANIEH IRAVANIAN, individually and on behalf of all other similarly situated Class and Subclass Members, demands a jury trial of this matter on all claims so triable.

DATED: May 5, 2025                    GRAINNE CALLAN, ESQ.

By:  /s/ Grainne M. Callan
         Grainne M. Callan

DATED: May 5, 2025                    HUNTER PYLE LAW, PC

By:  /s/ Hunter Pyle
         Hunter Pyle

Attorneys for Plaintiff Hanieh Iravanian
and the Putative Class

***

## ATTESTATION

I, Hunter Pyle, attest pursuant to Northern District Civil Local Rule 5-1(h)(3) that all signatories on this document agree to the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 5, 2025                    /s/ Hunter Pyle
         Hunter Pyle

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL